Good morning, Your Honor. Good morning. Are you ready to proceed? I am. Please do so. My name is Mark Mestel. I was trial counsel and I'm counsel for Mr. Allen on appeal. This case follows the entry of a conditional plea preserving for Mr. Allen his right to appeal from a denial of a motion to suppress evidence. Your Honor, I think that the case is fairly simplistic in the facts. During a Franks hearing ordered by the district court judge, it was established that the agent who wrote the search warrant affidavit knew that during the investigation of an admitted child pornographer, Mr. Bostic, in Indiana, that Mr. Bostic had come across a clothed photo of a female with a e-mail attachment or an e-mail identifier that is end to them, that Mr. Bostic then sent 11 images to this e-mail account maintained by Yahoo that included in those 11 images were two which the affidavit represented were child pornography. They executed the warrant at Mr. Bostic's house in mid-November. They applied for the warrant for the Yahoo account in the end of December. So they had about six weeks to examine Mr. Bostic's computer. Counsel, you identified three important facts and then I thought there was one other fact. The three facts that I heard you say is it was a suggestive e-mail account into child pornography and then you talked about there was child pornography described in the agent's affidavit which attached in the e-mail there was supposedly 11 images of child pornography.  Now, when I looked at the record, there was the request by Mr. Bostic to send child pornography as well. There was a solicitation, pips for pips. So those are four to me significant facts and tell me why you think those four facts taken together is not probable cause. Your Honor, I'm not suggesting that there wasn't, if you interpret the facts that way, probable cause to go look for the child pornography that Bostic sent to this account. I'm suggesting that the search warrant was way overbroad in allowing the FBI to essentially rummage through my client's entire e-mail account. We know through the recent Supreme Court decision, I believe in Raleigh v. California, the amount of intimate material maintained in cell phones and the affidavit itself suggests that the same type of information is going to be contained in e-mail accounts, calendars, buddy lists, financial records, on and on, pictures, attachments, links. So while there may have been justification to look for what an admitted child pornography sent to someone, it's also clear that the agent knew there had never been any response from this account back to Bostic, that he never said, all right, I'll send you pics. We've done this before. I have those types of pics. There is no communication from Ento Young back to Bostic ever, something that's not mentioned in the affidavit but which comes out at the France hearing. So you need to then be able to see. Doesn't the e-mail, I guess from Mr. Bostic, strongly suggest that Bostic had seen child pornography image distributed by the user of Ento Young mail account and he knew the user of the e-mail account was interested in trading images? It seems like it suggests that. I don't see that at all, Your Honor. It says pics for pics. Love to see her naked. That's the extent of the e-mail. Why would you then suggest that he's doing anything other than soliciting from someone who had posted a picture of a female that he's interested in receiving more explicit photos in exchange? There's nothing that suggests they ever had any communication. And, in fact, the affiant knew that there was nothing in Bostic's computer to ever establish any communication that originated with Ento Young. So unlike other cases where there may be some type of salacious e-mail, what Judge Jones calls Monica, there's usually an explanation in the affidavit as to why that's significant such as in the Shields case where they're talking about little Lolita love. Everybody understands the reference to Lolita. In this case, there's nothing in our affidavit that talks about the significance of this name and whether it actually has anything to do with a preference for child pornography. In the other cases, including the Shield case, there's some additional information, whether it's joining a website that provides child pornography, solicitation to obtain child pornography, some other aspect of a relationship to child pornography. Here there isn't any, but the affiant goes on to state that we, I believe, or I infer that Ento Young has additional images of child pornography. Well, there's nothing to establish he had any images of child pornography other than what Bostic sent to this e-mail account that they can't show the owner of the account ever actually opened. And there certainly is nothing to show that my client ever sent child pornography, referenced child pornography, discussed child pornography or expressed any interest in child pornography. And they had the computer and they had ample time to do an investigation and they should not have been given carte blanche to go through his e-mail account. I'll reserve the rest of my time. Good morning. May it please the Court. Jared Patterson for the United States. I'd like to begin with the question of why the affidavit established probable cause to search the Ento Young account for child pornography in general, in addition to or above the 11 images that were sent in. I'm not so sure that Mr. Masell is challenging the probable cause today. It looks like he's challenging the scope. So I don't know if that directs you. That's correct, Your Honor. And that's what I was attempting to address. Does the affidavit establish probable cause that child pornography other than the 11 images sent to Ento Young would be there? What do you say there, though? Would be where? Would be on the Ento Young Yahoo e-mail account. Well, which authorizes what? A general search of his computer? No, Your Honor. The search warrant only authorized, the Indiana search warrant only authorized a search of his Yahoo e-mail account. And I think the reason why the affidavit established probable cause is because exactly the four facts cited by Your Honor, which is that the scope of the search is governed by what is alleged in the affidavit. And what's alleged in the affidavit is that an individual in Indiana sent an e-mail to EntoYoungYahoo.com saying pics for pics, would love to see her naked, question mark. This indicates a couple of things. First, that the Indiana target believed that the defendant in this case did in fact have child pornography. It establishes that the Indiana target felt comfortable sending an e-mail like that to the defendant. This e-mail is not an e-mail that anyone in this courtroom would ever receive. The only reason that the Indiana target would send that e-mail is because he felt comfortable in doing so, because he knew that the defendant had a similar interest in child pornography. And one of the things that the agent testified to in the Franks hearing is that people who are interested in child pornography never send it out to other individuals unless they know that they have a similar interest. And we all have e-mail accounts where we may receive things that are perhaps offensive or distasteful, but not illegal. But here we have the Indiana target sending illegal child pornography to the defendant, and that alone suggests or demonstrates that the defendant had indicated his interest in sending child pornography. But there's no evidence of solicitation, is there? Or is there? Well, I think there is, Your Honor, and I think the evidence is in the text of the e-mail itself. Pics for pics, would love to see her naked. Clearly there was a previous communication between these two individuals. Clearly there is an individual that the defendant has offered up that the Indiana target wanted to see naked. And just that statement alone suggests or demonstrates that the defendant offered up this girl in a sexually suggestive manner, because there's no other reason that the Indiana target would then ask to see her naked. Well, you know, obviously it's your job, but you're reading the record. Maybe as you should, you know, in the light most favorable to the finding of probable cause. And it may be true, but I think this is a fairly close, at least a close case. In other words, it seems to me to go a step beyond, you know, all of our other cases in this area. Well, I don't think it is. I mean, it just pushes the envelope a little bit, don't you think? Well, I don't think it is, Your Honor. And first we, of course, start with the idea that there's great deference to be paid to the magistrate judge's determination. So in terms of how the government is viewing the evidence, it's through that prism of great deference, which the Ninth Circuit has identified. But I also think that it is completely consistent with this court's case law, including the Krupa case, for example. And in the Krupa case, what we had was what the agent described as suspected child predominance. Child pornography of girls aged 15 to 17 years old on a website called teengirls.com. That's very much, much closer to the border than what we have in this case. And indeed, the Ninth Circuit, this court, and Krupa said that there is not necessarily indication that what the agent described was, in fact, child pornography. But Krupa upheld the decision of the district court in denying the motion to suppress, based in part on deference to the agent's determination that it was suspected child pornography, and based on the great deference that's to be paid to the magistrate judge's determination. So I think, especially in light of Krupa, that this case easily meets that standard. Thank you. So unless Your Honor has any further questions. Your Honors, I think that it's important to bear in mind the lack of any information contained in the Bostick investigation that suggests there was any communication between N.T. Young and Bostick initiated by N.T. Young. Well, what about Mr. Patterson's point that, well, but you can infer it from that e-mail, that there was a prior communication, a solicitation. But how would you infer that? He's simply asking him to send him pictures. Well, but we know that Bostick is a known child pornography traitor. Correct. And so it just so happened to be communicating with your client in an account that says N.T. Young, which I guess was discussed down below, means being N.T. Young. Well, I think that's an interpretation. I know, but we're just looking at all the reasonable inferences, I guess, here, and see if it establishes probable cause. We have an agent who testified, I guess, that says it's not uncommon for people who have child pornography or may be requesting naked pictures of young girls that they collect these or trade them. So, I mean, there's a number of other inferences that can be made. Those are just a couple. So I don't know that we look at this just purely in, I mean, in terms of how you just describe without or in a vacuum, I guess. But, Rhonda, they don't, the affiant doesn't do anything to establish that N.T. Young fits inside any profile. They're simply saying that this is what people who collect and traffic in child pornography do, but there's nothing to show that N.T. Young falls within that category. He simply apparently posted a clothed female picture of an undetermined age on someplace where Bostick came across it. That's all that the affiant knew. There is no communication from N.T. Young to Bostick, nothing. And so if you had a web or an email name that could be interpreted in a number of different ways, all a criminal would have to do is send you an email and your entire life would be open to the FBI for their inspection. That's essentially what you would need to hold, to uphold the scope of the warrant in this case. And I believe that the affiant misled the magistrate, and magistrates rely upon the expertise of their affiants when he said, I infer there are additional images of child pornography that N.T. Young intends to send to Bostick. There is nothing, there are no facts on which to base such an inference. Thank you. Thank you for your arguments in that case.
judges: Carney, TASHIMA, MURGUIA